Joseph L. COLUCCI, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 98–1431.

United States Court of Appeals
for Veterans Claims.

June 21, 1999.

Before NEBEKER, Chief Judge, and
FARLEY and STEINBERG, Judges.

## ORDER

PER CURIAM:

On December 8, 1998, the Court dismissed this appeal for lack of jurisdiction. On December 29, 1998, the appellant, through counsel, filed a motion for reconsideration or, in the alternative, for a panel decision. The appellant argues that the July 8, 1998, Board of Veterans' Appeals decision is final and appealable to this Court.

Upon consideration of the foregoing, it is by the single judge

ORDERED that the appellant's motion for reconsideration is DENIED. It is by the panel

ORDERED that the appellant's motion for a panel decision is DENIED.

NEBEKER, Chief Judge, concurring:

In this motion for panel decision (*See* Rule 35(b) of the Court's Rules of Practice and Procedure) the Court is confronted with an argument that an otherwise non-final BVA remand order is, in fact, final because the appellant is entitled to the benefit he seeks as a matter of law without a remand to the regional office (RO). The appellant's point is that the remand is unlawful because its stated purpose is to give VA an opportunity to get VA medical opinions to "refute" his own doctors' opinions entitling him to service connection for his disability. The RO reopened earlier denied claims based on those opinions and denied them on the merits without seek-

ing further evidence as the Board now is doing.

We have before us a preliminary record on appeal consisting of the timely notice of appeal and the Board's decision. In relevant part that decision states:

> The April 1998 report of Dr. Freidman links the veteran's hip, foot, and low back conditions to incidents of service. A report of David A. Prager, M.D., dated in April 1998, links the veteran's bilateral hearing loss and tinnitus to incidents of service. These medical opinions are not refuted by other medical opinions in the appellate record, and VA adjudicators may consider only independent medical evidence to support their conclusions. *Colvin v. Derwinski*, 1 Vet.App. 171 (1991). Under the circumstances, the reports of the VA examiners who conducted the examination of the veteran's feet and his audiometric examination in September 1995 should be returned to them for preparation of addenda that include opinions as to the etiology of the veteran's hip, feet, left ankle, and low back conditions, and his bilateral hearing loss and tinnitus.

*Joseph L. Colucci*, BVA 96–24417, at 3 (July 8, 1998).

Judge Farley has granted the Secretary's motion to dismiss due to lack of finality of the Board's decision, and the current motion is in order.

For purposes of this motion, I will assume, but not purport to conclude, that the remand is contrary to law under 38 U.S.C. § 7261(a)(3)(A), and in light of the nonadversarial VA process, that the appellant is now entitled to the benefit he seeks. I note that in remanding for addenda to earlier VA medical opinions, the Board is clearly inviting refutation of Drs. Freidman and Prager. The issue, thus, is whether the appellant is entitled to appeal under the collateral order exception to the rule of finality under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546–47, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *see also Travelstead v. Derwinski*, 978 F.2d 1244–49 (Fed.Cir.1992). The test is whether the questions of the appellant's as-

sumed present entitlement and the assumed illegality of the remand will escape review in the event of a final adverse Board decision after remand. They will not. Those questions will merge in any final adverse decision, and the appellant may appeal to this Court and seek reversal and an order granting service connection. Accordingly, I vote to deny panel decision.